IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CASE NO.: 1:20-CV-448

REPUBLIC FRANKLIN INSURANCE )
COMPANY, GRAPHIC ARTS )
MUTUAL INSURANCE COMPANY, )
and UTICA MUTUAL INSURANCE )
COMPANY, )
                      Plaintiffs, )
                          )
        vs. )        **COMPLAINT FOR DECLARATORY**
                          )               **JUDGMENT**
CHAPEL HILL-CARRBORO CITY )
SCHOOLS BOARD OF EDUCATION; )
NANCY KUEFFER; CHERYL )
CARNAHAN; ELIZABETH CLARY; )
RONNIE JACKSON; and ALICIA )
WOODS, AS GUARDIAN AD LITEM )
FOR R.W., A MINOR CHILD, AND )
INDIVIDUALLY, )
                    Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Republic Franklin Insurance Company ("Republic"), Graphic Arts Mutual Insurance

Company ("Graphic Arts"), and Utica Mutual Insurance Company ("Utica"), by and through its

undersigned counsel, hereby file this Complaint for Declaratory Judgment against Chapel Hill-

Carrboro City Schools Board of Education, Nancy Kueffer, Cheryl Carnahan, Elizabeth Clary, Ronnie

Jackson, and Alicia Woods, as Guardian Ad Litem for R.W., a minor child, and Individually,

pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

In support, Republic and Utica allege as follows:

### NATURE OF ACTION

1.      Republic and Utica bring this action pursuant to Federal Rule of Civil Procedure 57

and 28 U.S.C. §§ 2201 and 2202 for a declaration regarding the parties' rights and obligations in

connection with a series of insurance policies issued by Republic, Graphic Arts, and Utica that

provided business liability coverage (Republic), business auto coverage (Graphic Arts and Republic), and commercial liability umbrella coverage (Utica) to one or more Defendants. Defendant Chapel Hill-Carrboro City Schools Board of Education ("Defendant School Board") has tendered defense of a lawsuit ("Underlying Action") to Republic, Graphic Arts, and Utica. Republic, Graphic Arts, and Utica are defending Defendant School Board under a full reservation of rights but deny that they have a duty to defend Defendant School Board in connection with the Underlying Action because the Underlying Action does not state allegations covered under any policy provision or because the Underlying Action arises entirely out of circumstances squarely described in policy exclusions. Republic, Graphic Arts, and Utica seek a declaratory judgment that they have no duty to defend or indemnify Defendant School Board or any other named defendant in the Underlying Action.

## THE PARTIES

2. Plaintiff Republic is an insurance company organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Republic is a citizen of the State of Ohio within the meaning and intent of 28 U.S.C. § 1332.

3. Plaintiff Graphic Arts is an insurance company organized under the laws of the State of New York with its principal place of business in New Hartford, New York. Utica is a citizen of the State of State of New York within the meaning and intent of 28 U.S.C. § 1332.

4. Plaintiff Utica is an insurance company organized under the laws of the State of New York with its principal place of business in New Hartford, New York. Utica is a citizen of the State of State of New York within the meaning and intent of 28 U.S.C. § 1332.

5. Defendant School Board is a local board of education as defined by North Carolina General Statute 115C, with its principal place of business in Orange County, North Carolina. Defendant School Board is a citizen of the State of North Carolina within the meaning and intent of

28 U.S.C. § 1332.

6.     Upon information and belief, Defendant Nancy Kueffer is a resident and citizen of Orange County, North Carolina. Defendant Kueffer is a citizen of the State of North Carolina within the meaning and intent of 28 U.S.C. § 1332.

7.     Upon information and belief, Defendant Cheryl Carnahan is a resident and citizen of Orange County, North Carolina. Defendant Carnahan is a citizen of the State of North Carolina within the meaning and intent of 28 U.S.C. § 1332.

8.     Upon information and belief, Defendant Elizabeth Clary is a resident and citizen of Orange County, North Carolina. Defendant Clary is a citizen of the State of North Carolina within the meaning and intent of 28 U.S.C. § 1332.

9.     Upon information and belief, Defendant Ronnie Jackson is a resident and citizen of Orange County, North Carolina. Defendant Jackson is a citizen of the State of North Carolina within the meaning and intent of 28 U.S.C. § 1332.

10.     Upon information and belief, Defendant Alicia Woods is a resident and citizen of Orange County, North Carolina. Defendant Woods is a citizen of the State of North Carolina within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.     Jurisdiction is further appropriate because this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, and an actual cost or controversy of a justiciable nature exists between

the parties involving the rights and liabilities under and insurance policy.

13.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because a substantial part of the events, acts, and/or omissions giving rise to this controversy occurred in this judicial district.

**FACTUAL BACKGROUND**

**A.**     **THE UNDERLYING ACTION**

14.     Republic is, and during all relevant times has been, in the business of underwriting and issuing policies of insurance and is authorized to transact the business of insurance in the State of North Carolina.

15.     Graphic Arts is, and during all relevant times has been, in the business of underwriting and issuing policies of insurance and is authorized to transact the business of insurance in the State of North Carolina.

16.     Utica is, and during all relevant times has been, in the business of underwriting and issuing policies of insurance and is authorized to transact the business of insurance in the State of North Carolina.

17.     On or about October 2, 2019, Defendants School Board, Kueffer, Carnahan, Clary, and Jackson were named as defendants to a complaint filed by Defendant Woods in the United States District Court for the Middle District of North Carolina, styled *Alicia Woods, as Guardian ad Litem for R.W., a Minor Child, and Individually v. Chapel Hill-Carrboro City Schools Board of Education, et al.*, 1:19-CV-01018 ("Underlying Action").

18.     A copy of the Complaint in the Underlying Action, including affidavits, is attached hereto as **Exhibit B**.  (**Exhibit A** is the Index to Exhibits).

19. The Complaint in the Underlying Action alleges that between in or about 2009 through 2011, R.W. was sexually abused by classmates "in the school cafeteria, bathrooms and hallways, at recess on the playground, as well as on the school bus." The abuse allegedly first occurred during the 2009 - 2010 school year. (**Exhibit B**, Complaint, ¶¶ 23, 32, Affidavit of Talya Mazor). The Underlying Action alleges that Defendants School Board, Kueffer, Carnahan, Clary, and Jackson breached duties owed R.W.; that such Defendants knew or should have known of the "sexual assaults" against R.W. and "engaged in a conspiracy to conceal and hide the sexual abuse of minors at Estes Hills Elementary School". (**Exhibit B**, Complaint, ¶ 72).

20. The Complaint further alleges that Defendants School Board and Carnahan failed to properly hire and retain Defendants Clary, Kueffer, and Jackson or properly train Defendants Clary, Kueffer, and Jackson "with respect to supervising, monitoring and protecting the well-being of students, specifically including R.W. and his classmates." (**Exhibit B**, Complaint, ¶¶ 67-68).

21. The Complaint in the Underlying Action seeks damages for violation of Title IX of the Educational Amendments of 1972, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, negligence, gross negligence, negligent/grossly negligent and intentional infliction of emotional distress, and punitive damages.

22. The Complaint also seeks damages for violations of R.W.'s rights under the North Carolina Constitution.

23. The Complaint also seeks damages for Defendant Woods, individually, for medical and counseling expenses, as well as loss of services and companionship.

**B.** **THE SUBJECT POLICIES**

**I. COMMERCIAL GENERAL LIABILITY POLICY**

24.     Republic began providing general liability coverage to Chapel Hill Carrboro City Schools on July 1, 2003.  For the time period relevant to this litigation, Republic issued Commercial General Liability Policy CPP 3606171 to named insured "Chapel Hill Carrboro City Schools Directors, Officers; Trustees, As Their Interests May Appear", with effective dates of July 1, 2009, through July 1, 2010.  ("CGL Policy").  The CGL Policy was renewed on the same terms through at least 2011, with liability limits of $1,000,000.00.  A copy of the CGL Policy in effect from July 1, 2009, through July 1, 2010, is attached hereto as **Exhibit C**.

25.     A copy of the CGL Policy in effect from July 1, 2010, through July 1, 2011, is attached hereto as **Exhibit D**.  The relevant policy forms are identical, except that the CGL Policy in effect from July 1, 2010, through July 1, 2011, contains FORM CG2026 11/85, ADDITIONAL INSURED — DESIGNATED PERSON OR ORGANIZATION, instead of FORM 8E3200 11/00, ADDITIONAL INSURED–DESIGNATED PERSON OR ORGANIZATION, contained in the CGL Policy in effect from July 1, 2009, through July 1, 2010.

26.     While Republic incorporates, by reference, the CGL Policies in their entirety, for the purpose of this action, the CGL Policies contain the following in pertinent part:

**SECTION I - COVERAGES**

**COVERAGE A -- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

   a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will

6

have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

\* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

  (1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  (2) the "bodily injury" or "property damage" occurs during the policy period . . . .

CG 00 01 12 07, p. 1 of 16 (**Exhibit C**, p 158 of 265) (**Exhibit D**, p 162 of 270)

**2. Exclusions.**

This insurance does not apply to

 **a.** "Bodily injury," "property damage" expected or intended from the standpoint of the insured.

  This exclusion does not apply to "bodily injury" resulting from:

  (1) The use of reasonable physical force to protect oneself or other persons from physical injury,

  (2) The use of reasonable physical force to protect the property of the educational institution or others; or

  (3) The use of reasonable physical force to restrain or remove a pupil whose behavior is interfering with the orderly exercise and performance of educational institution functions, powers and duties, if that pupil has refused to comply with a request to refrain from further disruptive acts.

CG 00 01 12 07, p. 2 of 16 (as amended by Form 8-E-3042 Ed. 01-2004) (**Exhibit C**, pp 143 and 159 of 265) (**Exhibit D**, pp 147 and 163 of 270)

\* \* \*

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, operation, use, "loading or unloading" or entrustment to others of any aircraft, "auto" or watercraft owned, operated or hired by, or rented or loaned to, any insured. For the purpose of this exclusion, the word hired includes any contract to furnish transportation of students to and from schools.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

CG 00 01 12 07, p. 4 of 16 (as amended by Form 8-E-3042 Ed. 01-2004, p. 2 of 11) (**Exhibit C**, pp 144 and 161 of 265) (**Exhibit D**, pp 148 and 165 of 270)

\* \* \*

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

2. The negligent:

   a. Employment;

   b. Investigation;

   c. Supervision;

   d. Reporting to the proper authorities, or failure to so report; or

   e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

8

For the purposes of this endorsement, abuse means an intentional, inherently harmful act.

CG 00 01 12 07, p. 2 of 16 (as amended by 8-E-2370 Ed. 5-2000) (**Exhibit C**, pp 124 and 159 of 265) (**Exhibit D**, pp 129 and 163 of 270)

* * *

**SECTION II - WHO IS AN INSURED**

* * *

1.     If you are designated in the Declarations as:

* * *

d.     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.     Each of the following is also an insured:

a.     Your "employees", other than your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your members or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

* * *

d.     Any of the following, but only with respect to their duties in connection with the positions described below:

(1)     Any of your appointed or elected administrative officials;

(2)     Any of your trustees or members of your Board of Governors is you are a private charitable or educational institution;

CG 00 01 12 07, p. 9 of 16 (as amended by 8-E-3042 Ed. 01-2004, pp. 4-5 of 11) (**Exhibit C**, pp 146-147 and 166 of 265) (**Exhibit D**, p 150-151 and 170 of 270)

9

* * *

**SECTION V - DEFINITIONS**

* * *

2.    "Auto" means:

      a.    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment, or

      b.    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the stat where it is licensed or principally garaged.

CG 00 01 12 07, p. 12 of 16 (**<u>Exhibit C</u>**, p 169 of 265) (**<u>Exhibit D</u>**, p 173 of 270)

* * *

3.    "Bodily injury" means:

      a.    Bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time; or

      b.    Shock, mental anguish or mental injury, including death resulting therefrom, to a person who sustained bodily injury, sickness or disease; provided the shock, mental anguish or mental injury is a consequence of the bodily injury, sickness or disease.

CG 00 01 12 07, p. 13 of 16 (as amended by 8-E-3042 Ed. 01-2004, p. 10 of 11) (**<u>Exhibit C</u>**, pp 152 and 170 of 265) (**<u>Exhibit D</u>**, pp 156 and 174 of 270)

* * *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

CG 00 01 12 07, p. 14 of 16 (**<u>Exhibit C</u>**, p 171 of 265) (**<u>Exhibit D</u>**, p 175 of 270)

* * *

## II. BUSINESS AUTO POLICY

27.    Graphic Arts began providing business auto liability coverage to Chapel Hill Carrboro City Schools on July 1, 2003, until July 1, 2011.  Republic began providing business auto liability coverage to Chapel Hill Carrboro City Schools on July 1, 2011.  For the time period relevant to this litigation, Graphic Arts issued Business Auto Policy BAC 3606172 to named insured "Chapel Hill Carrboro City Schools, Inc." ("BAC Policy"), with effective dates of July 1, 2009, through July 1, 2010, and a copy of this BAC Policy is attached hereto, marked **Exhibit E.**  The BAC Policy was renewed on the same terms through at least 2011, with liability limits of $1,000,000.00.  A copy of the BAC Policy effective from July 1, 2010, through July 1, 2011, is attached hereto, marked **Exhibit F.**  The relevant language is identical for each policy.

28.    While Graphic Arts incorporates, by reference, the BAC Policies in their entirety, for the purpose of this action, The BAC Policies contain the following in pertinent part:

### SECTION II - LIABILITY COVERAGE

### A. COVERAGE

> We will pay all sums an "insured" must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or sue of a covered "auto."
>
> * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution expense."  However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate. . . .

CA 00 01 12 93, p. 2 of 10 (**Exhibit E**, p 85 of 244) (**Exhibit F**, p 90 of 277)

11

1.    **WHO IS AN INSURED**

The following are "insureds."

a.    You for any covered "auto."

b.    Anyone else while using with your permission a covered "auto" you own, hire, or borrow . . . .

*  *  *

Any employee of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or personal affairs.

*  *  *

Any employee or elected or appointed administrative official of yours is an "insured" while using, in activities directly related to your operations, a covered "auto" you do not own, hire or borrow.  Anyone else who furnishes that "auto" is also an "insured."

CA 00 01 12 93, p. 2 of 10 (as amended by Form CA 99 33 02 99, Form 8-E-1903 Ed. 7-98, and Form 8-E-3128 Ed. 01-2006, p 1 of 4) (**Exhibit E**, pp 85, 121, 130 and 134 of 244) (**Exhibit F**, pp 90, 128, 137, and 141 of 277)

*  *  *

**B.  EXCLUSIONS**

This insurance does not apply to any of the following:

1.    **EXPECTED OR INTENDED INJURY**

"Bodily injury" or  "property damage" expected or intended from the standpoint of the "insured."

CA 00 01 12 93, p. 3 of 10 (**Exhibit E**, p 86 of 244) (**Exhibit F**, p 91 of 277)

*  *  *

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury arising out of:

12

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2. The negligent:
   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting to the proper authorities, or failure to so report; or
   e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

For the purposes of this endorsement, abuse means an intentional, inherently harmful act.

CG 00 01 12 93, p. 3 of 10 (as amended by 8-E-3356 Ed. 11-2001) (**Exhibit E**, pp 86 and 109 of 244) (**Exhibit F**, pp 91 and 115 of 277)

\* \* \*

1. **ADDITIONAL EXCLUSION**

   a. Such insurance as is afforded for "yellow buses," as defined below, does not apply to "bodily injury" or "property damage," regardless of the symbol entered next to the coverages on the Declarations page, and such "autos" will not be considered to be covered "autos."

   b. This additional exclusion does not apply to any buses other than "yellow buses," including:

   (1) Activity buses owned and operated by you;
   (2) Buses owned and operated by you in the transportation of children enrolled in a Headstart program; or
   (3) Buses used for any other permissible purpose.

2. "Yellow buses" means public school buses operated under the provisions of North Carolina General Statute Section 115C-242, for which claims are subject to the provisions of the North Carolina State Tort Claims Act, as described in N.C.G.S. Section 143-300.1.

CG 00 01 12 93, p. 3 of 10 (as amended by Form 8-E-2695 Ed. 3-98) (**Exhibit E**, pp 86 and 124 of 244) (**Exhibit F**, pp 91 and 131 of 277)

\* \* \*

13

**SECTION V - DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

* * *

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

* * *

It is agreed and understood that the definition of "bodily injury" (SECTION V) includes mental anguish resulting from "bodily injury," sickness or disease to the person who sustained such "bodily injury," sickness or disease.

CA 00 01 12 93, p. 8 of 10 (as amended by Form 8-E-3128 Ed. 01-2006) (**Exhibit E**, pp 91 and 136 of 244) (**Exhibit F**, pp 96 and 143 of 277)

### III. COMMERCIAL UMBRELLA LIABILITY POLICY

29. Utica began providing commercial umbrella liability coverage to Chapel Hill Carrboro City Schools on July 1, 2003. For the time period relevant to this litigation, Utica issued Commercial Liability Umbrella Policy CULP 3606174 to named insured "Chapel Hill Carrboro City Schools Directors, Officers; Trustees, As Their Interests May Appear" ("CULP"), with the same effective dates as the CGL Policy, which was renewed on the same terms through at least 2011, with liability limits of $2,000,000.00. While the form numbers are different, the language in each of the corresponding relevant forms is identical for both the CGL and CULP Policies, except where indicated otherwise. A copy of the CULP Policy effective July 1, 2009, through July 1, 2010, is attached hereto, marked **Exhibit G**, and a copy of the CULP Policy effective July 1, 2010, through July 1, 2011, is attached hereto, marked **Exhibit H**,

14

30.     While Utica incorporates, by reference, each CULP Policy in its entirety, for the purpose of this action, the CULP Policies contain the following in pertinent part:

**COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

     a.     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. . . .

     b.     This insurance applies to "bodily injury" and "property damage" only if:
          **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
          **(2)**     The "bodily injury" or "property damage" occurs during the policy period. . . .

CU 00 01 12 07, p. 1 of 17 (**Exhibit G**, p 9 of 72) (**Exhibit H**, p 10 of 77)

2.     **Exclusions**

This insurance does not apply to:

     a.     **Expected Or Intended Injury**

     "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons

15

or property.

CU 00 01 12 07, p. 2 of 17 (**Exhibit G**, p 10 of 72) (**Exhibit H**, p 11 of 77)

\* \* \*

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of:

    **1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

    2. The negligent:
        a. Employment;
        b. Investigation;
        c. Supervision;
        d. Reporting to the proper authorities, or failure to so report; or
        e. Retention;

    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

CU 00 01 12 07, p. 2 of 17 (as amended by CU 21 12 09 00) (**Exhibit G**, pp 10 and 29 of 72) (**Exhibit H**, pp 11 and 30 of 77)

\* \* \*

**SECTION V - DEFINITIONS**

\* \* \*

**3.**    "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

CU 00 01 12 07, pp. 14 of 17 (**Exhibit G**, p 22 of 72) (**Exhibit H**, p 23 of 77)

## ACTUAL CONTROVERSY AND RIPENESS

31.    This is an actual, ripe, and live controversy between the parties regarding Republic's, Graphic Arts', and Utica's rights and obligations to provide defense and/or indemnity in connection with the Underlying Action.

16

32.     Republic, Graphic Arts, and Utica are providing a defense under a full reservation of rights.

33.     Republic, Graphic Arts, and Utica deny that they have any duty to defend or indemnify any Defendant named in the Underlying Action.

## COUNT ONE - DECLARATORY JUDGMENT (DUTY TO DEFEND) (REPUBLIC, GRAPHIC ARTS, and UTICA)

34.     Republic, Graphic Arts, and Utica hereby repeat and incorporate the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

35.     Plaintiffs' claims in the Underlying Action arise out of alleged incidents of sexual abuse or molestation of R.W. by classmates.

36.     Plaintiffs' claims in the Underlying Action are based upon allegations that:

   a.     incidents of sexual molestation of R.W. occurred while R.W. was in the care, custody, or control of Defendants in the Underlying Action;

   b.     Defendants School Board and Carnahan failed to properly employee or retain Defendants Kueffer, Clary, and Jackson;

   c.     Defendants in the Underlying Action failed to properly investigate, supervise, or report the alleged acts of sexual molestation; and

   d.     Defendants in the Underlying Action intentionally acted to conceal the alleged acts of sexual molestation.

37.     The Policies provide that no insurance coverage exists for "bodily injury" or "property damage" expected or intended from the standpoint of an insured.

38.     The Policies provide that no insurance coverage exists for "bodily injury", "property damage", or "personal and advertising injury" arising out of sexual abuse or molestation.

17

39. The Policies provide that no insurance coverage exists for "bodily injury", "property damage", or "personal and advertising injury" arising out of sexual abuse or molestation of a person while under the care, custody, or control of any insured.

40. The Policies provide that no insurance coverage exists for "bodily injury", "property damage", or "personal and advertising injury" arising out of the negligent employment, investigation, supervision, reporting, or retention of a person for whom any insured is or ever was legally responsible for, regarding the care, custody, or control of an individual who was subject to actual or threatened abuse or molestation.

41. Consequently, based on the allegations in the Underlying Action, no potential for coverage for "bodily injury", "property damage", or "personal and advertising injury" exists under the CGL Policy, BAC Policy, or CULP Policy.

42. The CGL Policy provides that no insurance coverage exists for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto".

43. Any alleged act of molestation that may have occurred on a school bus would have occurred on an "auto" as defined in the CGL Policy.

44. The BAC Policy provides that no insurance coverage exists for "bodily injury" or "property damage" pertaining to "yellow buses".

45. Any alleged act of molestation that may have occurred on a school bus would have occurred on a "yellow bus" as defined in the BAC Policy.

46. Consequently, based on the allegations in the Underlying Action, no potential for coverage for "bodily injury" or "property damage" exists under the CGL Policy, BAC Policy, or

CULP Policy, arising out of any alleged act of molestation that may have occurred on a school bus.

47.     The claims asserted against Defendants School Board, Kueffer, Carnahan, Clary, and Jackson in the Underlying Action do not fall within the coverage provisions or fall within applicable exclusions or each Policy; therefore, Republic, Graphic Arts, and Utica have no duty to defend said Defendants under any policy.

48.     Republic, Graphic Arts, and Utica, therefore, seek and are entitled to a judicial declaration that they have no duty to defend any Defendant  against the Underlying Action or to participate in Defendants' defense under any policy.

49.     The issuance of declaratory relief by this Court will terminate some or all of existing controversies between the Parties.

### COUNT TWO - DECLARATORY JUDGMENT (DUTY TO INDEMNIFY) (REPUBLIC, GRAPHIC ARTS, and UTICA)

50.     Republic, Graphic Arts, and Utica hereby repeat and incorporate the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

51.     The claims asserted against Defendants School Board, Kueffer, Carnahan, Clary, and Jackson in the Underlying Action do not fall within the coverage provisions or fall within applicable exclusions of each Policy; therefore, Republic, Graphic Arts, and Utica have not duty to indemnify said Defendants under any policy.

52.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversies between the Parties.

19

## **RELIEF REQUESTED**

WHEREFORE, Republic, Graphic Arts, and Utica respectfully request the following relief:

A.      A declaration that there is no coverage for Defendants School Board, Kueffer, Carnahan, Clary, and/or Jackson under the Policies for the claims asserted in the Underlying Action;

B.      A declaration that Republic, Graphic Arts, and Utica have no duty to defend Defendants School Board, Kueffer, Carnahan, Clary, and/or Jackson under the Policies for the claims asserted in the Underlying Action;

C.      A declaration that Republic, Graphic Arts, and Utica have no duty to indemnify Defendants School Board, Kueffer, Carnahan, Clary, and/or Jackson under the Policies for any settlement entered or judgment rendered against said Defendants in the Underlying Action;

D.      That the Orders of this Court shall be binding on Defendant Woods, as Guardian Ad Litem for R.W., and Individually; and

THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK

E.      Such other, further, or different relief to which Republic, Graphic Arts, and Utica may be entitled.

Respectfully submitted this 20th day of May, 2020.

/s/ Andrew A. Vanore, III
Andrew A. Vanore, III
NC State Bar No. 13139
Brown, Crump, Vanore & Tierney, PLLC
Attorney for Plaintiffs
P.O. Box 1729
Raleigh, N.C.  27602
Telephone: (919) 890-4467
Facsimile: (919) 835-0915
Email: drewvanore@bcvtlaw.com